IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN NORMAN,<br><br>      Plaintiff,<br>v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY; CAPTAIN CARLA TAYLOR; WARDEN DAVID OWENS,<br><br>      Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-09102(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Kevin Norman, Plaintiff Pro Se
50 Fenwick Street, Building 1
Newark, NJ 07114

**SIMANDLE, District Judge:**

## I.    INTRODUCTION

Plaintiff Kevin Norman seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF"), Captain Carla Taylor ("Captain"), and Warden David Owens ("Warden") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1. At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

## II. BACKGROUND

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF when he was detained from January 3, 2014 through January 2016. Complaint § III(C). Plaintiff alleges that during this time period, he was subjected to drinking "dirty brown water" and that "consuming the visibly contaminated water caused me to become ill and dehydrated." *Id.* Plaintiff states he notified Captain Taylor and Warden Owens of the drinking conditions, yet they "failed to correct the problem or find an alternative remedy so that clean water could be supplied to the population." *Id.* Plaintiff alleges this occurred in housing unit 3 North-D. Complaint § IV.

Plaintiff further alleges that due to overcrowding, he was made to sleep on a thin mat on the floor near the toilet where inmates urine would backsplash onto him while sleeping. Complaint § III(C). He further alleges that "because of the poor air quality there was dust and dirt build up in the cell which turned into bacteria" which resulted in his scalp "getting infected from sleeping on the floor and had to seek medical treatment for a rash and experienced headaches." *Id.*

2

He seeks relief in the form of monetary compensation as well as seeks for the Court to order testing of the water and air to prevent others from getting sick as well as have the court order the county to hire a full time population Control Manager to prevent overcrowding. Complaint § V.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

1.  28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210

(3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

28 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by

4

a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. DISCUSSION**

Plaintiff alleges he experienced unconstitutional conditions of confinement during his detention at CCCF.

First, with respect to the claims against the CCCF, generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[1] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.*

---

[1] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

at 50. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutional conditions of confinement against CCCF Captain Taylor and Warden Owens.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however.

*Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted).

Further, the Fourteenth Amendment which incorporates the protections of the Eighth Amendment, imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Included in the basic necessities of life, water that is suitable for drinking and bathing must be supplied to inmates. See *Wolfe v. Christie*, No. 10-2083, 2013 WL 3223625, at *5 (D.N.J. June 25, 2013)("[T]here is no doubt that potable water constitutes a basic human need and that water that is suitable for drinking and bathing be supplied to inmates.")

Under *Farmer,* an inmate must surmount the high hurdle of showing that a prison official actually knew or was aware of a substantial risk to inmate safety and deliberately disregarded that risk. *Beers–Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir.2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

In addition, the inmate must show that the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Id.* at 298. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a known objectively serious risk to a prisoner's health or safety. *See Farmer,* 511 U.S. at 837. Critical factors which must be considered are the duration of the complainant's exposure to the alleged unconstitutional conditions and the totality of the circumstances.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, Plaintiff has met his burden at this stage. Specifically, he alleges that the overcrowded conditions led to him sleeping on the floor near the toilet with exposure to inmate urine, poor air quality and exposure to bacteria, as well as lack of access to potable water. With regards to the water, Plaintiff alleged that he was subjected to drinking dirty water which caused him to become ill and dehydrated. Plaintiff states he notified Captain Taylor and Warden Owens of the drinking conditions, yet they "failed to correct the problem or find an alternative remedy so that clean water could be supplied to the population." Complaint §III. In viewing the Complaint in a light most favorable to Plaintiff, within the context of prison life, he has sufficiently pled that he was denied "the minimal civilized measure of life's

necessities." *Farmer*, 511 U.S. at 834. Therefore, Plaintiff sufficiently pled the subjective standard that the Warden and Captain were deliberately indifferent with respect to requests for drinkable water.

Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutionally punitive conditions at CCCF. The claim shall therefore be permitted to proceed against the Captain and Warden in their individual capacities.

## V. CONCLUSION

For the reasons stated above, the complaint shall proceed on the due process claims against Captain Carla Taylor and Warden David Owens. The remainder of the claims are dismissed without prejudice. An appropriate order follows.

**October 19, 2017**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge