# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN NORMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPTAIN CARLA TAYLOR and<br>WARDEN DAVID OWENS,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-9102(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Kevin Norman, Plaintiff *Pro Se*
37 Magnolia Court
Sicklerville, NJ 08081

**SIMANDLE, United States District Judge:**

## I.  INTRODUCTION

  Before the Court is plaintiff Kevin Norman's ("Plaintiff") December 18, 2018 Motion to Appoint *Pro Bono* Counsel ("Plaintiff's Motion"). (D.E. 26.)

  For the reasons set forth below, the Court will deny Plaintiff's Motion without prejudice.

## II.  BACKGROUND

  Plaintiff initiated this matter on December 9, 2016 with a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") and Captain Carla Taylor and Warden David Owens (Taylor and Owens referred to as

"the Individual Defendants") for allegedly unconstitutional conditions of confinement. (D.E. 1.) On October 20, 2017, this Court dismissed with prejudice Plaintiff's claims against defendant CCCF and proceeded Plaintiff's claims against the Individual Defendants. (D.E. 4; D.E. 5.)

Before the Individual Defendants answered the Complaint, Plaintiff moved on November 20, 2017 for appointment of *pro bono* counsel. (D.E. 7.) On November 29, 2017, Magistrate Judge Ann Marie Donio denied Plaintiff's request without prejudice. (D.E. 11 ("[T]he Court finds that an appointment of *pro bono* counsel would be premature at this stage").)

On December 19, 2017, the Individual Defendants filed an Answer to the Complaint. (D.E. 15.) Thereafter, the parties participated in several scheduling conferences before Judge Donio.

On November 13, 2018, the Individual Defendants moved for summary judgment. (D.E. 22.) On December 18, 2018, Plaintiff filed opposition to their summary judgment motion and requested further extension of time. (D.E. 25.) That same day, he filed his Motion To Appoint *Pro Bono* Counsel (D.E. 26), which the Court now considers in the instant Opinion.[1]

---

[1] At this time, the Court expresses no decision in the instant Opinion on the Individual Defendants' pending summary judgment motion. (D.E. 22.)

**III. DISCUSSION**

Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If the court finds that it does, the court should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 Fed. Appx. 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The *Tabron* list of factors is not exhaustive, nor is a single factor determinative. *Parham*, 126 F.3d at 458.

As the Court permitted the Plaintiff's Complaint to proceed against the Individual Defendants when it performed *sua sponte* screening under 28 U.S.C. § 1915(e)(2) (D.E. 4; D.E. 5), there is sufficient merit to continue analyzing the *Tabron* factors.

Plaintiff argues the appointment of counsel is warranted because he "lack[s] the ability to present an effective case." (D.E. 26 at 3.)[2] He alleges that "[t]here are complex legal issues that only a skilled lawyer can address to the court." (*Id*.) However, Plaintiff's Complaint stated his case in a manner to survive *sua sponte* screening, which indicates that he is able to present issues to the Court. His more recent submissions to the Court are also understandable and address the issues. This factor weighs against the appointment of counsel.

Plaintiff is no longer incarcerated (D.E. 3), which enables him to seek out the services of an attorney on his own and to otherwise fully participate in the litigation and investigation of his claims.[3] Plaintiff's ability to obtain documents related to his claims of, among other things, purported CCCF drinking water contamination (*see* D.E. 1 at § III(C)), also will not be limited due to his former incarceration. This factor also weighs against of appointment of counsel.

Based on the facts alleged in the Complaint, the Court determines the issues that Plaintiff alleges are not overly

---

[2] His December 2016 *in forma pauperis* application indicated that he is a high school graduate. (D.E. 1-1 at 5.) He is fluent in English and expresses himself well.

[3] Plaintiff may want to seek assistance in finding a lawyer through the Camden County Bar Association Lawyer Referral Service, Telephone No. 856-482-0618.

complex so as to warrant the appointment of counsel at this time. Plaintiff complains of dirty drinking water, sleeping on the floor, dust and dirt in his cell, and headaches -- all relatively straightforward allegations. Plaintiff's medical records with respect to his scalp "infect[ions]" and his "rash[es]" (D.E. 1 at 2) could provide the relevant evidence with respect to his claims, meaning the case would not be "solely a swearing contest." *Parham*, 126 F.3d at 460. These factors weigh against the appointment of counsel at this time.

Finally, the sixth *Tabron* factor requires this Court to analyze whether Plaintiff is able to retain and afford counsel. *See* 6 F.3d at 156. Plaintiff is proceeding *in forma pauperis* in this case and there is no indication that he is able to retain and afford counsel. He alleges that he is "unable to afford an attorney on my own." (D.E. 26 at 3.) Plaintiff's indigency, however, is not sufficient to warrant counsel in and of itself. Many *pro se* plaintiffs are indigent yet are denied *pro bono* counsel upon a weighing of all *Tabron* factors. The Court considers this factor to be neutral.

On balance, the *Tabron* factors weigh against appointing counsel at this time. Plaintiff may again request the appointment of counsel in the future by submitting a new motion for the appointment of counsel that addresses the *Tabron* prongs.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Appoint *Pro Bono* Counsel is denied without prejudice. An appropriate order follows.

**March 25, 2019**             **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                       United States District Judge